IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT,
IN AND FOR ORANGE COUNTY, FLORIDA
CASE NO:
CIVIL DIVISION

LAQUNDA BLEDSOE,
    Plaintiff,
vs.

L-H FUSION ASSOCIATES LLC,
    Defendant.
_____/

### Complaint

Under Florida Rules of Civil Procedure 1.110, Plaintiff sues Defendant as follows:

### Jurisdiction, Venue, Parties

1. This is an action for damages that exceeds the sum of $50,000.00, exclusive of costs, interest and attorneys' fees.

2. At all times material to this action, Plaintiff, is a natural person residing in Orange County, Florida.

3. At all times material to this action, Defendant, was a Florida corporation authorized to perform business in Orange County Florida, and **in control** of the common areas at 2603 Silkwood Cir, Orlando, Orange County, FL 32818.

### Incident

4. On October 4, 2025, Plaintiff was at the common area staircase nearest to her apartment unit 126 on Defendant's premises. Plaintiff had complained about the bee hives and swarming bees safety issues in the apartment stairway to Defendant's employees for months before. Then on said incident date, a bee stung Plaintiff at the stairway and she fell backwards onto the ground injuring herself due to the ground impact.

**Count 1- Premises Liability against Defendant**

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 4 above and further states:

5. At said time and place, Plaintiff was lawfully upon Defendant's premises as an employee.

6. Defendant owed Plaintiff a non-delegable duty to (1) maintain the premises in a reasonably safe condition; and (2) warn of any dangerous conditions about which it knew or should have known about. *See Florida Dept. of Natural Resources v. Garcia*, 753 So. 2d 72 (Fla. 2000).

7. Defendant, breached its non-delegable duty owed to Plaintiff by (1) negligently failing to maintain the premises in a reasonably safe condition by negligently failing to correct a dangerous condition about which the defendant either knew or should have known, by the use of reasonable care, and (2) negligently failing to warn the plaintiff of a dangerous condition about which the defendant had, or should have had knowledge greater than that of the plaintiff. *See* Fla. Std. Jury Instr. (Civ.) 401.20(a)

8. As a direct and proximate result of Defendant's negligence, Plaintiff suffered:

a) Bodily and terminal injury including a permanent injury to her body as a whole.
b) Pain and suffering of both a physical and mental nature.
c) Disability, physical impairment, disfigurement, mental anguish, inconvenience.
d) Loss of capacity for the enjoyment of life.
e) Aggravation of an existing condition.
f) Expense of hospitalization, medical and nursing care and treatment.
g) Past lost wages, loss of earning power, diminished earning capacity.
h) Loss of ability to lead and enjoy a normal life.
i) Losses are permanent or continuing and Plaintiff will suffer in the future.

**Wherefore** Plaintiff demands judgment for damages against Defendant and trial by jury.

**Certificate of Service**

In accordance with Fla. R. Gen. Prac. & Jud. Admin. 2.516(b)(1) and § 48.031(1)(a), Fla. Stat., we certify that a true copy of the foregoing has been filed via the Florida Courts E-Filing Portal today, which will send a Notice of Electronic Filing to all parties of record listed and will be furnished by Hand Delivery by an approved process server.

*/s/ Richard Russo*
Richard Russo, Esquire
FBN 1018162
Morgan & Morgan
20 N. Osceola Avenue, Suite 1600
Orlando, FL  32801
Telephone: (407) 418-2177
Facsimile: (407) 245-3424
Attorneys for Plaintiff
Primary E-Mail: rrusso@forthepeople.com
Secondary E-Mail: apichardo@forthepeople.com
